**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

CONNOLLY NORTH AMERICA, LLC,   Case No. 01-57090-TJT
                               Chapter 7
　　　　　Debtor.               HON. THOMAS J. TUCKER
_____/

**LIMITED OBJECTION OF QUAKER COLOR, A DIVISION
OF MCADOO & ALLEN, INC., TO TRUSTEE'S FINAL REPORT
AND APPLICATION FOR COMPENSATION**

QUAKER COLOR, a division of McAdoo & Allen, Inc. ("Quaker Color"), by its attorneys, Butzel Long, a professional corporation, hereby files this limited objection (the "Limited Objection") to the Trustee's Report and Application for Compensation (the "Final Report"). In support of the Limited Objection, Quaker Color states as follows:

**Preliminary Statement**

1. On September 5, 2001 (the "Petition Date"), an involuntary petition was filed against Connolly North America (the "Debtor") under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Eastern Division of Michigan (the "Bankruptcy Court" or "Court").

2. On October 31, 2001, the Court entered an order granting an Application to Employ Interim Trustee by GE Capital Commercial Services, Inc.

3. On November 6, 2001, Mark H. Shapiro was appointed Chapter 7 trustee (the "Trustee").

4. On December 17, 2001, the Court entered an Order for Relief.

5. Prior to the Petition Date, the Debtor owed Quaker Color $916,130.12 for goods sold to the Debtor.

6. On November 2, 2001, NCM Americas ("NCM"), trade credit insurer for Quaker Color, filed a proof of claim in the amount of $930,910.40 related to the unpaid goods sold to the Debtor by Quaker Color. The proof of claim is Claim No. 4 on the Claims Register.

7. On March 14, 2002, without knowledge that NCM had filed Claim No. 4, Quaker Color filed with the Bankruptcy Court a proof of claim for goods sold to the Debtor in the amount of $916,130.12. The proof of claim is identified as Claim No. 30 on the Court's Claims Register.

8. On September 30, 2003, the Trustee filed a complaint against Quaker Color and alleged that Quaker Color had received certain alleged preferential transfers in the aggregate amount of $1,396,519.88 in the ninety days preceding the Petition Date (the "Complaint"). *See*, Adversary Proceeding No. 03-05072-tjt, Docket Item 1 ("Adv. Proc., Dkt. #1").

9. Quaker Color filed an answer to the Complaint and asserted defenses. *See*, Adv. Proc., Dkt. #7.

10. On March 31, 2004, The Trustee and Quaker Color made and entered into a *Release and Settlement Agreement* (the "Settlement Agreement"). A true and exact copy of the Settlement Agreement is attached hereto and made a part hereof as Exhibit "A".

11. Pursuant to the Settlement Agreement, as a compromise settlement of all of present and potential claims and counterclaims between them, Quaker Color was to pay the Trustee $425,000.00 (the "Settlement Funds") and it was agreed that Quaker Color may amend its proof of claim filed in the amount of $916,130.11 to include the Settlement Funds for a total claim of $1,341,130.11 (the "Amended Proof of Claim").

12. On May 6, 2004, the Court entered an order approving the Settlement Agreement (the "Settlement Order"). A true and exact copy of the Settlement Order is attached hereto and made a part hereof as Exhibit "B".

13. On or about May 14, 2004, Quaker Color paid the Settlement Funds to the Trustee.

14. On July 24, 2009, the Trustee filed his Final Report, which included as Exhibit A his analysis of the proofs of claim listed on the Claims Register.

15. The Trustee analyzed the Claims Register and concluded that Claim No. 4 should be allowed, but that Claim No. 30 should be disallowed as a duplicate of Claim No. 4.

16. Pursuant to the Settlement Agreement, on August 11, 2009, Quaker Color filed the Amended Proof of Claim in the amount of $1,341,130.11. The Amended Proof of Claim is Claim No. 112 on the Claims Register.

## Limited Objection

17. Quaker Color hereby files this limited objection because the Settlement Funds as contained in Claim No. 112 should be included in the Final Report and allowed as previously agreed by the Trustee and approved by the Settlement Order of the Court.

## Basis for Limited Objection

### I. The Trustee Agreed to the Allowance of the Settlement Fund and the Agreement was Approved by the Settlement Order

18. 11 U.S.C. § 502(h) provides for allowance of a claim arising from the recovery of property from an avoided transfer pursuant to 11 U.S.C. § 550, and the Settlement Funds constitute such a claim.

19. Pursuant to Paragraph 1 of the Settlement Agreement the Trustee has acknowledged the allowance of such a claim:

> Connolly agrees that Quaker Color may amend its proof of claim filed in the amount of $916,130.11 on or about March 12, 2002 to include the Settlement Funds for a total claim of $1,341,130.11 (the "Amended Proof of Claim"). ***The Trustee will not object to the Amended Proof of Claim to the extent it includes the Settlement Funds***, but the Trustee reserves the right to object to the original amount [$916,130.11] of Quaker Color's Proof of Claim. (Emphasis added.)

20. To the extent that the Amended Proof of Claim contains the Settlement Funds, the Trustee having agreed to the allowance of the Settlement Funds and the Court having issued the

Settlement Order approving the Settlement Agreement, the Final Report should include Claim No. 112 in the Trustee's analysis.

21. Quaker Color neither contests the Trustee's contention that Claims No. 4 and 30 are duplicate claims and that only Claim No. 4 should be allowed, nor does it seek to further duplicate these claims in Claim No. 112.

22. Quaker Color respectfully submits that the Settlement Funds as contained in Claim No. 112 should be included in the Final Report and allowed as previously agreed by the Trustee and approved by the Settlement Order.

## **Conclusion**

23. For the foregoing reasons, Quaker Color, a division of McAdoo & Allen, Inc. submits that its Limited Objection to the Trustee's Report and Application for Compensation should be sustained and that the Settlement Funds as contained in Claim No. 112 should be included in the Final Report and allowed as previously agreed by the Trustee and approved by the Settlement Order.

WHEREFORE, Quaker Color, a division of McAdoo & Allen, Inc. respectfully requests that this Court enter an Order sustaining its Limited Objection and ordering that the Settlement Funds as contained in Claim No. 112 should be included in the Final Report and allowed as previously agreed by the Trustee in the Settlement Agreement and approved by the Settlement Order, and for such other relief as is proper and just.

Dated: August 17, 2009

/s/ Steven M. Ribiat
Butzel Long, a professional corporation
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Phone: (248) 593-7801
Email: ribiat@butzel.com
P45161
Attorneys for Quaker Color, a division of
  McAdoo & Allen, Inc.