# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

CONNOLLY NORTH AMERICA, LLC            Case No: 01-57090 TJT
                                                                       Chapter 7
              Debtor,                         HON. THOMAS J.
                                                                       TUCKER

_____/

## REPLY BRIEF IN SUPPORT OF MOTION FOR REMOVAL OF BANKRUPTCY TRUSTEE, DOCUMENT NO.

It is noteworthy that in a nearly twenty page response brief to a motion to remove the trustee for acts of gross negligence and breaches of various fiduciary duties, the Trustee does not take the position that he has handled this estate competently or that he has not violated his fiduciary duties. Instead, the Trustee takes the position that he should not be removed because alleged procedural hurdles, like a statute of limitations or a pleading standard, preclude liability against him. However, the matter before this Court is whether the Trustee should be removed for violating his duties and whether a new trustee should be appointed to evaluate and pursue various claims. Whether procedural hurdles exist is premature at this stage, although as this reply demonstrates, there is no bar against suing the Trustee for his misconduct in handling this estate.

The Trustee's response is erroneous on multiple grounds. First, the Trustee need not have acted willfully to be surcharged or found liable to the estate for breaches of fiduciary duty. The Trustee tacitly agrees with this by arguing in the alternative in his response should the Court rightly find the Trustee can be sued. (Doc. No. 814, p. 10). Second, no statute of limitations bars a claim against the Trustee for his breaches of duty. The Trustee's selective citations to case law notwithstanding, all purported claims against the Trustee are viable.

#556995-v1

It is well-settled that a bankruptcy trustee has the capacity to sue and be sued. *See* 11 U.S.C. § 323(b); *Ford Motor Credit Co.*, 680 F.2d at 461. This principal was first made clear by the United States Supreme Court in *Mosser v. Darrow,* 341 U.S. 267 (1951). In *Mosser,* the Supreme Court established the general proposition that bankruptcy trustees may be held personally liable for breaches of fiduciary duty. The defendant trustee in *Mosser* allowed two employees to trade on inside information and was surcharged for the profits they made. *Id.* at 269-270. In affirming, the Court stated, "trusteeship is serious business and is not to be undertaken lightly or so discharged. The most effective sanction for good administration is personal liability for the consequences of forbidden acts." *Id.* at 274.

Following *Mosser,* federal courts around the country have held that the trustee may be held liable for breaches of fiduciary duty. However, in *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir. 1982), through an odd interpretation of *Mosser*, the Sixth Circuit held that "a bankruptcy trustee is liable in his official capacity for acts of negligence" and "is liable personally only for acts willfully and deliberately in violation of his fiduciary duties." *Id.* at 461-62 *citing Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977); *In re Johnson*, 518 F.2d 246, 251 (10th Cir. 1977). The court in *Weaver* provided no definitions or guidance to lower courts in how to differentiate on this basis, or practically speaking, what this distinction means.

Multiple courts analyzing suits against trustees have attempted to clarify the meaning of "personal liability" versus "official capacity" liability. In each instance, the courts have found that the above distinction is mere "semantics" because by finding the trustee liable for a breach of his fiduciary duties or negligence, the trustee can be "surcharged" for the breaches. *In re Engman*, 395 B.R. 610, 625, FN 23 (W.D. Mich. 2008). As stated by courts, a "surcharge" is "most fittingly defined as 'the imposition of personal liability on a fiduciary for willful or

negligent misconduct in the administration of his fiduciary duties.'" *Id.* quoting *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 7 (1st Cir. 1999); *see also In re Reich*, 54 B.R. 995, 999 (E.D. Mich. 1985) (noting that "surcharge" is equated with "personal liability"). The court in *In re Engman* noted that "the estate's own constituents can hold a trustee individually accountable for not fulfilling his fiducial duty of care and it is in this sense that both *Weaver* and *Sherr* refer to a trustee's liability in his 'official capacity.'" *Id.* at Fn 23.

The court's decision in *Reich* is especially informative as it pertains to holding a trustee liable for a breach of a duty. In *Reich*, debtors sued the trustee and the surety for negligence. *Id.* at 997. The court analyzed the Sixth Circuit decision in *Ford* as well as other decisions relating to the liability of a trustee and potential recovery available. The court noted that in a review of case law, anytime a trustee is "surcharged," the trustee is indeed held personally liable, and is not merely precluded from recovering his fee. *Id.* at 1001. The court entered "a judgment for the plaintiffs and against the defendant in his official capacity." *Id.* 1008. Because the plaintiffs had sued both the trustee and his surety, the court entered judgment against both, "jointly and severally." *Id.* at 1009. In its holding, the court noted that the result of the case demonstrated the error in the *Ford* case and the semantics of personal versus official liability because despite finding the trustee liable in his "official capacity," the net effect is that the trustee will be liable personally because any payments made by the surety would have to be repaid by the trustee. *Id.* at Fn 11. Thus, whether found liable "officially" or "personally," the result was the same in that the trustee shouldered the ultimate burden of paying for his negligence.

Applying the law in this circuit to the above facts, the Trustee need not have acted willfully to be liable to the estate and its beneficiaries. The Trustee owes a fiduciary duty to the estate, including the unsecured creditors. The Trustee repeatedly breached that fiduciary duty;

the estate and its creditors can hold him responsible for those breaches, along with his surety. Nothing precludes a suit against the Trustee because he believes he acted only grossly negligent.[1]

After erroneously arguing that he could not be sued because he was only grossly negligent, the Trustee alternatively argues that the statute of limitations has run on any claims that can be asserted against him. First, in some jurisdictions, although the Sixth Circuit is silent, the time to file claims against a Trustee begins to run at the time the Trustee files his final accounting. *See In re San Juan Hotel Corp.*, 847 F.2d 931, 939-940 (1st Cir. 1988) (holding that discharge is the point at which the period of limitations begins to run on claims against the trustee). Thus, the statute of limitations has not even begun to run.

However, should this Court not adopt the First Circuit view, even adopting Michigan statutes of limitations, no claims against the Trustee or his firm are barred. As to a claim against his law firm for malpractice in failing to monitor and advise the Trustee of the requisite statute of limitations for insider claims, this claim is not time barred under Michigan law because the period of time is two years from the "last date of service." *See* MCL 600.5805(6); *McKenzie v. Berggren*, 99 Fed. Appx. 616, 618-19 (6th Cir. 2004). Clearly, the Trustee is still being represented by his firm and receiving legal service; thus, the statute of limitations for commencing a malpractice action against his firm (which this Trustee cannot pursue due to an irreconcilable conflict of interest) has not begun to run.[2]

---

[1] This is not to say that the Movants agree with the Trustee's subjective assessment of his breaches of various duties. There is substantial evidence that the Trustee was given information about the Debtor's insiders well before the period for filing insider preferences, and the Trustee, in open court, admitted to having never read the documents or taken the effort to independently verify anything. This disregard of his duties was willful. *See* Doc. No. 530; 550. Further, the Trustee's failure to sue his law firm and himself for this disregard of duties was itself a separate and willful breach of fiduciary duty whose limitation period did not begin to run, if it has, until the underling claims became stale.

[2] The Trustee cites *In re DoLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) in footnote 2 of his response for his claim that counsel has to act willfully to be held liable. Contrary to the Trustee's misapplication of the case, *In re DoLorean* only dealt with whether leave of the bankruptcy court was required to sue the Trustee's counsel in state court. The court held it was. The case placed no "willful" conduct requirement, and indeed, the Trustee cited no

Page 4

The Trustee's final argument on the statute of limitations is that the three year statute of limitations on a breach of fiduciary duty action has run as it pertains to the Plante & Moran litigation, where a nearly $5 Million suit went unresolved because this Court found the Trustee acted grossly negligent in failing to produce requested documents. The Trustee argues the three year period runs from June 2005, "the last wrong forming the breach of fiduciary duty." (Doc. No. 814, p. 13). First, it is refreshing that the Trustee acknowledges he breached his fiduciary duty. Second, the Trustee's legal analysis is wrong because a claim accrues when the wrong is done, and "the wrong is done *when the plaintiff is harmed rather than when the defendant acted.*" *Boyle v. General Motors Corp.*, 468 Mich. 226, 231, n.5; 661 N.W.2d 557 (2003) *citing Stephens v. Dixon*, 449 Mich. 531, 534-535; 536 N.W.2d 755 (1995).

In this case, when it was discovered in the midst of trial that certain documents were not produced, neither the movants nor the estate were harmed. All that had occurred was a discovery violation; there was no dismissal or other sanction awarded that harmed anyone. This Court could have penalized the Trustee in a number of ways that would not have harmed the estate or its beneficiaries. In short, there was no harm to anyone at that time. However, on October 9, 2007, when this Court issued its opinion actually dismissing the Plante & Moran suit with prejudice because of the Trustee's gross negligence, only then had a wrong harmed the estate. Thus, the three period to commence suit began to run from that date and is not time barred.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: September 4, 2009     By: /s/ Andrew J. Munro

Andrew J. Munro (P30304)

---

case to support his proposition.